UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

               Plaintiff,

     -against-

CITY OF NEW YORK, et al.,

               Defendants.

24-CV-9385 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Fifth and Fourteenth Amendments. By Order dated July 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[1] (ECF No. 1.) Detective Kyle Keiser of the New York City Police Department's (NYPD) 49th Precinct and other "John Doe" officers created a "WANTED" poster featuring a photograph of Plaintiff Mark Garnes. (*Id.* at 8-9.) The photograph used for the poster came from Plaintiff's arrest in a case that had been dismissed on March 31, 2021. (*Id.* at 15, 18.) The photo was "sealed" after the case was dismissed. (*Id.* at 16.)

On May 18, 2024, Garnes discovered the poster in the lobby of 2810 Olinville Avenue, Bronx, New York. (*Id.* at 15.) Plaintiff contends that the photograph was "unlawfully unsealed" by Defendants without a court order. (*Id.* at 16.)

Plaintiff sues the City of New York, the NYPD, NYPD Detective Kyle Keiser, and unidentified John and Jane Doe officers and detectives. He alleges that the NYPD

> is responsible for the policy, practice, procedures, supervision, implementation and conduct of all NYPD matters and responsible for training, supervision and conduct of all NYPD Detectives, Police Officers. In addition, at all times here relevant, Defendant City of New York [was] responsible for enforcing NEW YORK STATE, Division of Criminal Justice Services, Municipal Police Training Council: Identification Procedures Protocol and Forms thereof guidelines,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

>ensuring NYPD Detectives and Police Officers, personnel obey the laws, Constitution of the United States and the State of New York.

(*Id.* at 10.)

Plaintiff asserts that unsealing and using his photograph, without a court order, violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as his rights under Article I, Section 12 of the New York State Constitution. (*Id.* at 1, 16-20.) He also asserts state law claims for defamation, slander, and libel. (*Id.* at 20-21.) Plaintiff seeks $1.5 million in damages. (*Id.* at 21.)

## DISCUSSION

**A.    Due Process Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff contends that he was deprived of his right to liberty or property without due process of law when NYPD Detective Keiser used his photograph from a prior sealed arrest.

In a suit brought under Section 1983 to enforce procedural due process rights, a court must determine whether a liberty or property interest is implicated and, if so, what process is due before the plaintiff may be deprived of that interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Plaintiff appears to argue that he has a protected interest because state law requires photographs to be destroyed or returned to the formerly accused when a case is terminated in a person's favor. *See* N.Y. Crim. Proc. Law § 160.50(1)(a) ("[E]very photograph of [a] person [from a terminated and sealed action] . . . shall forthwith be, at the discretion of the recipient agency, either destroyed or returned to such person[.]").

3

Courts in this circuit, however, have held that N.Y. Crim. Proc. Law § 160.50 does not create a constitutionally protected liberty interest in reputation or privacy to support a Due Process claim under Section 1983. *See Johnson v. Riverhead Cent. Sch. Dist.*, No. 14-CV-7130, 2015 WL 6438788, at *5 (E.D.N.Y. Oct. 21, 2015) ("The courts in this circuit that have considered whether [§ 160.50] protects any constitutionally cognizable interest have uniformly held that it does not." (internal quotation marks omitted)); *Chatmon v. Mance*, No. 07-CV-9655, 2011 WL 5023243, at *6 (S.D.N.Y. Oct. 20, 2011) (Karas, J.) ("The New York Court of Appeals has concluded that a violation of [§ 160.50] does not implicate constitutional considerations. . . . Because an alleged violation of [§ 160.50] does not implicate constitutional considerations, Petitioner's Fourteenth Amendment rights were not violated." (internal quotation marks and citations omitted)); *see also Charles Q. v. Constantine*, 650 N.E.2d 839, 841 (N.Y. 1995) ("Petitioner's argument that the unsealed evidence was admitted in violation of his constitutional rights is unavailing in light of [*People v. Patterson*, 587 N.E.2d 255 (N.Y. 1991)], where we concluded that a violation of [§ 160.50] does not implicate constitutional considerations." (internal quotation marks omitted)).

Plaintiff's allegations that Defendants used his photograph in violation of New York law are therefore insufficient to show that he had a constitutionally protected interest for purposes of a Due Process claim. The Court thus dismisses Plaintiff's Section 1983 claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[2] The Fifth Amendment's Due Process Clause applies to claims against only federal officials, not state officials. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *see also Finch v. New York*, No. 10-CV-9691, 2012 WL 2866253, at *8 (S.D.N.Y. May 30, 2012) (Briccetti, J.). The Court therefore does not address Plaintiff's Fifth Amendment claim because he is not suing any federal officials.

B.   **City of New York**

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, the plaintiff must show that the municipality itself violated the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

A plaintiff may satisfy the "policy, custom, or practice" requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (Preska, J.) (citations omitted).

A governmental body cannot be liable under Section 1983 if there is no constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). This is because "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's

5

failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694) (emphasis omitted).

As set forth above, the alleged failure to seek a court order to unseal Plaintiff's photograph, in violation of New York Criminal Procedure Law § 160.50, does not give rise to a claim under the U.S. Constitution. Plaintiff's allegations that the City of New York failed to train officers to comply with state law also does not state a claim under Section 1983 because Plaintiff does not allege that the training failure caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses Plaintiff's federal claims under 42 U.S.C. § 1983 for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   July 16, 2025                                        /s/ Kimba M. Wood
         New York, New York

                                                              KIMBA M. WOOD
                                                              United States District Judge